CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

60 S. Market, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5081
neal.hong@usdoj.gov

Attorneys for United States of America

**FILED**

Jul 24 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. **CR 26-70976-MAG** |
| Plaintiff, | ) |
| v. | ) NOTICE OF PROCEEDINGS ON OUT-OF-<br>) DISTRICT CRIMINAL CHARGES PURSUANT TO<br>) RULES 5(c)(2) AND (3) OF THE FEDERAL<br>) RULES OF CRIMINAL PROCEDURE |
| MICHAEL STAMP and<br>MARCUS PLANK, | ) |
| Defendant. | ) |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on or about July 24, 2026, the above-named defendants were taken into custody pursuant to arrest warrants (warrants and indictment attached) issued upon a

    X     Indictment

    □     Information

    □     Criminal Complaint

    □     Supervised Release Violation

pending in the South District of New York, Case Number 26 CRIM 316.

In this case, the defendants are alleged to have violated federal laws.

The statutes of the violations and maximum penalties are as follows:

v. 7/10/2018

Count 1:    <u>Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371</u>

Imprisonment: 5 years

Fine: $250,000

Supervised Release: 3 years

Forfeiture

Restitution

Potential Deportation

$100 Special Assessment per Felony

Count 2 and 3: <u>Securities Fraud in violation of 15 U.S.C. § 78j(b) and 78ff; 17 U.S.C. § 240.10b-5; and 18 U.S.C. § 2.</u>

Imprisonment: 20 years

Fine: $250,000

Supervised Release: 3 years

Forfeiture

Restitution

Potential Deportation

$100 Special Assessment per Felony

Count 3:    <u>Securities Fraud in violation 1348(1) and 2</u>

Imprisonment: 25 years

Fine: $250,000

Supervised Release: 5 years

Forfeiture

Restitution

Potential Deportation

$100 Special Assessment per Felony

v. 7/10/2018

Respectfully Submitted,

CRAIG H. MISSAKIAN
UNITED STATES ATTORNEY

Date: July 24, 2026                    s/ Neal Hong
                                       NEAL C. HONG
                                       Assistant United States Attorney

v. 7/10/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -

MICHAEL STAMP and
MARCUS PLANK,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SEALED INDICTMENT**

26 Cr. ___

**26 CRIM 316.**

## COUNT ONE
### (Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

1. Between in or about April and July 2024, MICHAEL STAMP and MARCUS PLANK, the defendants, engaged in a scheme to trade in securities of Rivian Automotive, Inc. ("RIVN"), based on material nonpublic information concerning RIVN's multi-billion dollar joint venture with Volkswagen Group (the "Joint Venture"). As a result of their illegal trading, STAMP and PLANK generated more than $300,000 in profits.

2. MICHAEL STAMP and MARCUS PLANK, the defendants, were employees of a Volkswagen subsidiary and, at all times relevant to this Indictment, worked in the United States on temporary assignment from Germany. STAMP and PLANK owed a duty of trust and confidence to their employer and were prohibited from misusing or disclosing confidential information they learned in the course of their employment for personal profit.

3. In the course of their work, MICHAEL STAMP and MARCUS PLANK, the defendants, gained access to confidential, nonpublic information concerning Volkswagen's negotiations with RIVN about the Joint Venture, which Volkswagen internally codenamed

"Project Climb." After learning material nonpublic information about Project Climb, STAMP and PLANK began purchasing options and equity positions in RIVN. Beginning in or about May 2024, and continuing up to the June 25, 2024 public announcement of the Joint Venture, STAMP purchased approximately 9,000 RIVN shares and approximately 10,200 RIVN call options across multiple brokerage accounts. Within that same period, PLANK purchased approximately 134 RIVN shares and approximately 3,500 RIVN call options, and one of PLANK's close family members purchased approximately 4,326 RIVN shares. On June 25, 2025, after market close, Rivian and Volkswagen announced the Joint Venture. Following the announcement, RIVN's stock price increased approximately 23% the next day. Thereafter, STAMP and PLANK sold their RIVN positions, with STAMP realizing approximately $250,000 in profits, PLANK realizing at least approximately $50,000 in profits, and PLANK's close family member realizing approximately $12,000 in profits.

4.      MICHAEL STAMP and MARCUS PLANK, the defendants, understood their actions were illegal. For example, eight days prior to the announcement of the Joint Venture, STAMP searched "statute of limitations insider trading," and following the announcement PLANK's close family member searched, in German, "how is insider trading prosecuted?"

Statutory Allegations

5.      Between in or about April 2024 and in or about July 2024, in the Southern District of New York and elsewhere, MICHAEL STAMP and MARCUS PLANK, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

2

6.     It was a part and an object of the conspiracy that MICHAEL STAMP and MARCUS PLANK, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of a means and an instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, to wit, while in possession of material non-public information to which they had been entrusted, and in violation of their duties of trust and confidence, used the material non-public information to execute and cause and assist others to execute securities transactions in RIVN.

## Overt Acts

7.     In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     On or about June 14, 2024, MARCUS PLANK, the defendant, purchased 500 call options of RIVN.

b.     On or about June 17, 2024, PLANK purchased 150 call options of RIVN.

c.     On or about June 17, 2024, MICHAEL STAMP, the defendant, purchased 1,000 shares of RIVN.

d.     On or about June 20, 2024, STAMP purchased 2,000 call options of RIVN.

3

    e. On or about June 21, 2024, PLANK purchased 1,050 call options of RIVN.

    f. On or about June 21, 2024, STAMP purchased 2,798 call options of RIVN.

    g. On or about June 24, 2024, PLANK purchased 1,300 call options of RIVN.

    h. On or about June 25, 2024, STAMP purchased 400 call options of RIVN.

(Title 18, United States Code, Section 371.)

## COUNTS TWO AND THREE
### (Securities Fraud)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1 through 4 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

9. On the dates set forth below, in the Southern District of New York and elsewhere, MICHAEL STAMP and MARCUS PLANK, the defendants, willfully and knowingly, directly and indirectly, by use of a means and an instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulation, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, while in possession of material non-public information to which they had been entrusted, and in violation of their duties of trust and confidence, used the material non-public information to execute and cause and assist others to execute the securities transactions listed below on or about the dates listed below.

4

| Count | Defendant(s) | Trade Date(s) | Transactions |
|---|---|---|---|
| 2 | MICHAEL STAMP | May 2 – June 25, 2024 | Purchase of approximately 9,000 RIVN shares and approximately 10,200 RIVN options by MICHAEL STAMP |
| 3 | MARCUS PLANK | June 11 – June 24, 2024 | Purchase of approximately 134 RIVN shares and approximately 3,500 RIVN options by MARCUS PLANK |

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT FOUR
### (Securities Fraud)

The Grand Jury further charges:

10.    The allegations contained in paragraphs 1 through 4 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

11.    Between in or about April and July 2024, in the Southern District of New York and elsewhere, MICHAEL STAMP and MARCUS PLANK, the defendants, knowingly executed, and attempted to execute, a scheme and artifice to defraud a person in connection with a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, STAMP and PLANK misappropriated confidential business information from their employer, which was both nonpublic and commercially valuable, so as to execute securities trades based on that information for their own benefit and disclose that information to others with the expectation that others would trade on that valuable nonpublic information as well.

(Title 18, United States Code, Sections 1348(1) and 2.)

5

## FORFEITURE ALLEGATION

12.    As a result of committing one or more of the offenses charged in Counts One through Four of this Indictment, MICHAEL STAMP and MARCUS PLANK , the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, and Three including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendants personally obtained.

### Substitute Assets Provision

13.    If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

FOREPERSON

7/23/26

JAY CLAYTON
United States Attorney

7

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Marcus Plank | ) | |
| | ) | |
| | ) | **26 CRIM 316** |
| | ) | |
| | ) | |

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Marcus Plank                                                                                            ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment       ☐ Superseding Indictment       ☐ Information       ☐ Superseding Information       ☐ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition       ☐ Violation Notice       ☐ Order of the Court

This offense is briefly described as follows:

15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5; 18 U.S.C. § 371; 18 U.S.C. § 1348

Date:    07/23/2026

*Issuing officer's signature*

**Tammi M. Hellwig**

City and state:    New York, NY

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . <br><br> Date: _____                      _____ <br> *Arresting officer's signature* <br><br> _____ <br> *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

United States of America
v.
Michael Stamp

_Defendant_

)
)
)
)
)
)
)

Case No.

**26 CRIM 316.**

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_      Michael Stamp                                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ❑ Superseding Indictment        ❑ Information        ❑ Superseding Information        ❑ Complaint

❑ Probation Violation Petition        ❑ Supervised Release Violation Petition        ❑ Violation Notice        ❑ Order of the Court

This offense is briefly described as follows:

15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5; 18 U.S.C. § 371; 18 U.S.C. § 1348

Date:      07/23/2026

City and state:      New York, NY

_Issuing officer's signature_

**Tammi M. Hellwig**

_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |

Date: _____

_Arresting officer's signature_

_Printed name and title_